1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

* * *

9

DONALD GLENN ESTES,

Case No. 3:13-cv-00072-MMD-WGC

10

Petitioner,

ORDER

11

v.

12

LaGRANDE, et al.,

13

Respondents.

14

15          This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

16     2254, by a Nevada state prisoner represented by counsel. Before the Court is

17     respondents' motion to dismiss the first amended petition.

18     **I.     PROCEDURAL HISTORY**

19          Petitioner was convicted, pursuant to a jury trial, of the following: (1) two counts

20     of preventing and dissuading a person from testifying or producing evidence; (2) one

21     count of first-degree kidnapping; (3) two counts of battery with intent to commit a crime;

22     (4) six counts of sexual assault of a minor under fourteen years of age; (5) two counts of

23     coercion; and (6) two counts of lewdness with a child under the age of fourteen. (Exh.

24     34.) Petitioner was sentenced to forty years to life in prison. (Exh. 39.[1])

25          Petitioner filed a direct appeal. (Exh. 40.) Petitioner's opening brief was filed on

26     September 13, 2005. (Exh. 41.) On November 20, 2006, the Nevada Supreme Court

27

28          [1]The exhibits referenced in this order are found in the Court's record at dkt. nos.
       14-19.

published an en banc opinion, affirming in part, reversing in part, and remanding in part. (Exh. 47; *Estes v. State*, 146 P.3d 1114 (Nev. 2006).) The Nevada Supreme Court's opinion addressed the issue of allowing compelled defendant psychiatric treatment disclosures and clinical observations to be used by the prosecution at trial to establish defendant's guilt or otherwise combat an affirmative defense of insanity. *Estes*, 146 P.3d at 1120-39. The opinion finds against petitioner on this assignment of error and rejected several other claims. The court remanded the matter for dismissal of Count 4 (battery with intent to commit sexual assault), Count 12 (lewdness with a minor), and Count 13 (lewdness with a minor), and to vacate the attendant sentences. *Id.* at 1145. The Court further remanded the matter for further proceedings on the two dissuading of a witness counts. *Id.* The case was also remanded to have the judgment of conviction reflect that petitioner was convicted pursuant to a jury trial (instead of a guilty plea) and to correct the number of days credit for time served, if necessary. *Id.* Petitioner filed a petition for rehearing, which the Nevada Supreme Court denied by order filed December 28, 2006. (Exh. 52.) Remittitur was issued on March 29, 2007. (Exh. 54.) Petitioner sought a writ of *certiorari*, which was denied by the United States Supreme Court. (Exh. 56.)

On December 20, 2006, the state district court conducted a hearing implementing the order of the Nevada Supreme Court, dismissing Counts 4, 12, and 14 for lack of sufficiency of the evidence. The state district court also dismissed Counts 1 and 15, the dissuading a witness counts. (Exh. 1, State Court Minutes.) The state district court filed an amended judgment of conviction on January 12, 2007. (Exh. 51.) The state district court later filed a final second amended judgment of conviction, correcting credit for time served, on March 23, 2007. (Exh. 53.)

On November 28, 2007, petitioner, acting in *pro per*, filed a post-conviction habeas petition and accompanying memorandum of points and authorities in the state district court. (Exhs. 57 & 58.) The state district court appointed counsel to represent petitioner in the post-conviction proceedings. (Exh. 61.) On August 17, 2009, petitioner's

attorney filed a supplemental brief in support of the post-conviction habeas petition. (Exh. 63.) On September 17, 2009, petitioner's attorney filed a second supplemental brief in support of the post-conviction habeas petition. (Exh. 64.)

On April 7, 2011, the state district court conducted an evidentiary hearing on the post-conviction petition and supplements. (Exh. 68.) The state district court entered findings of fact, conclusions of law, and order denying the post-conviction habeas petition on June 14, 2011. (Exh. 71.)

Petitioner appealed the denial of his post-conviction state habeas petition. (Exh. 69.) On December 22, 2011, petitioner filed his opening brief on appeal. (Exh. 73.) On December 12, 2012, the Nevada Supreme Court entered an order affirming the state district court's denial of the post-conviction habeas petition. (Exh. 76.) Remittitur issued on January 8, 2013. (Exh. 77.)

Petitioner dispatched his federal habeas petition to this Court on December 23, 2012. (Dkt. no. 1-1, at p. 1.) By order filed April 11, 2013, this Court appointed the Federal Public Defender to represent petitioner in this federal habeas corpus proceeding. (Dkt. no. 3.) The Office of the Federal Public Defender entered an appearance on behalf of petitioner on April 19, 2013. (Dkt. no. 7.) On June 6, 2013, this Court issued a scheduling order, directing the filing of an amended petition and a response to the same. (Dkt. no. 9.) The Court granted petitioner's motion for an extension of time in which to file an amended petition. (Dkt. no. 12.) Through counsel, petitioner filed a first amended petition on November 12, 2013. (Dkt. no. 20.) The first amended petition contains three grounds for relief, as follows:

> Ground 1: The United States Constitutional rights to due process, the protection against self-incrimination, and the right to the assistance of counsel are violated when defendant is committed by court order to the state mental health facility and after he is found competent to proceed to trial and the prosecutor is allowed to use all the information gathered during this commitment to refute the basis for a plea of not guilty by reason of insanity and his defense to involuntary intoxication.

> Ground 2: Petitioner Estes' United States Constitutional rights to due process and the right to present a defense were denied when the court refused to give an involuntary intoxication jury instruction.

3

Ground 3: Trial and appeal counsel for Estes failed to provide constitutionally adequate performance in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when:

> A. Trial counsel failed to obtain an expert and otherwise investigate and support Estes' defense theory and testimony that he suffered from mental illness in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and

> B. Nevada direct appeal counsel failed to raise on appeal that the trial court's admission of several instances of hearsay and testimony statements in violation of the Confrontation Clause of the Sixth Amendment to the Constitution.

First Amended Petition, at dkt. no. 20.

Respondents have filed a motion to dismiss the first amended petition, arguing that Grounds 1 and 2 are unexhausted. (Dkt. no. 25.) Petitioner has filed a response in opposition to the motion to dismiss. (Dkt. no. 26.) Respondents have filed a reply. (Dkt. no. 27.)

## II.   DISCUSSION

### A.   Exhaustion Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the

Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982). However, a federal habeas petition may present new, additional, or supplemental facts that were not considered in the state court, so long as the evidence does not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Lopez v. Schiro*, 491 F.3d 1029, 1040 (9th Cir. 2007); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

///

///

### B.    Ground 1

Respondents argue that Ground 1 of the federal amended petition includes unexhausted factual allegations. Ground 1 of the federal amended petition alleges that: "The United States constitutional rights to due process, the protection against self-incrimination, and the right to the assistance of counsel were violated when a defendant is committed by court order to the state mental health facility and after he is found competent to proceed to trial and the prosecutor is allowed to use all the information gathered during this commitment to refute the basis for a plea of not guilty by reason of insanity and his defense of involuntary intoxication." (Amended Petition, at p. 17.) Petitioner was twice committed to the Lake's Crossing facility for treatment and to restore competency so that prosecutions against him may proceed. At trial, the State called as witnesses Dr. Elizabeth Neighbors (psychologist), Dr. Henson (psychiatrist), and A.J. Coronella (social worker), all of whom were involved in petitioner's mental health treatment at the Lake's Crossing facility. Petitioner alleges that these witnesses were called by the prosecution not only for their clinical impressions, but regarding their beliefs and opinions regarding the viability of petitioner's proposed affirmative defenses, including petitioner's use of the insanity defense. Petitioner asserts that allowing the testimony of those three witnesses deprived him of due process, the right against self-incrimination, and the right to the assistance of counsel. Petitioner alleges that the Nevada Supreme Court's determination that the testimony of Neighbors, Henson, and Coronella did not violate his constitutional rights so as to warrant reversal was an unreasonable application of clearly established federal law as determined by the United States Supreme Court.  (Amended Petition, at pp. 17-21.)

Respondents contend that in Ground 1 of the federal amended petition, petitioner places more emphasis on the admission of a clinical social worker's testimony about petitioner showing interest in the insanity defense during a legal process class at the Lake's Crossing facility. While respondents acknowledge that petitioner challenged the admissibility of the social worker's testimony in state court, they contend that the

opening brief to the Nevada Supreme Court focused mostly on the admissibility of psychologist and psychiatrist that evaluated petitioner for competency to stand trial. Respondents further contend that petitioner "only mentioned" the right to counsel in the opening brief by stating that the State is required to provide notice of any psychiatric examinations after a defendant is charged, causing the Sixth Amendment right to counsel to attach.

This Court has reviewed the relevant state court pleadings, including petitioner's opening brief on direct appeal to the Nevada Supreme Court. In the opening brief on direct appeal, petitioner presented his claim that Dr. Neighbors, Dr. Henson, and social worker Coronella were called by the prosecution not only as to their clinical impressions, but as to their beliefs and opinions regarding the viability of petitioner's proposed affirmative defenses, including petitioner's use of the insanity defense. (Exh. 41, at p. 15.) In the opening brief to the Nevada Supreme Court, petitioner asserted that allowing the testimony of those three witnesses deprived him of due process, the right against self-incrimination, and the right to the assistance of counsel. (*Id.*, at pp. 15-25.)

The Court rejects respondents' argument that the federal petition must exactly mirror the brief that petitioner presented to the Nevada Supreme Court. There need not be an "exact correlation between the pleadings in both federal and state court." *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995), *vacated in part on other grounds by rehearing en banc*, 77 F.3d 1138 (9th Cir. 1996). Requiring a federal petition to exactly mirror a state petition is simply "not the law." *Id.* (*citing Vasquez v. Hillery*, 474 U.S. at 257-58). Respondents' contention that petitioner did not make specific allegations to the Nevada Supreme Court regarding the social worker's testimony and its impact on petitioner' right to counsel and a fair trial is belied by the record. (*See* Exh. 41.) Moreover, to the extent that respondents argue that petitioner's federal petition contains factual specifics that were not presented to the Nevada Supreme Court, "[a] federal habeas petition may present new, additional, or supplemental facts that were not considered in the state court, so long as the evidence does not "fundamentally alter the

legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. at 260. Ground 1 of the federal amended petition does not contain additional facts that fundamentally alter the legal claims presented to the Nevada Supreme Court. Petitioner made substantially the same arguments in his Nevada Supreme Court briefing on direct appeal that he now makes in Ground 1 of the federal amended petition. Petitioner fairly presented the claims alleged in Ground 1 of the federal petition to the Nevada Supreme Court on direct appeal. The Court finds that Ground 1 of the federal amended petition is exhausted.

### C.     Ground 2

Petitioner entitles Ground 2 of the federal amended petition as follows: "Petitioner Estes' United States Constitutional rights to due process and the right to present a defense were denied when the court refused to give an involuntary intoxication jury instruction." (Amended Petition, at p. 20.) Petitioner alleges that, at trial, he testified that he was suffering from lithium poisoning due to his mental health treatment prescriptions. Petitioner alleges that in support of his theory of a delusional break due to acute lithium poisoning, he submitted a jury instruction on involuntary intoxication, but the trial court refused to give such an instruction. (Amended Petition, at pp. 20-21.)

Respondents argue that petitioner failed to properly federalize this claim when presenting it to the Nevada Supreme Court. In the opening brief on appeal to the Nevada Supreme Court, petitioner cited the Due Process Clause of the United States Constitution, and explicitly stated that the trial court's denial of an involuntary intoxication theory of defense instruction denied him due process and the right to present a defense. (Exh. 41, at pp. 25-27.) Respondents appear to argue that petitioner must cite the relevant federal constitutional provision and violation, the theory for the violation, and also cite federal case law directly on point in order to properly federalize a claim in state court. This is not required to properly federalize a claim for exhaustion purposes. "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution *or* must cite either federal or state case law that

engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005) (emphasis added); *see also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes, *or* by citing to federal case law). In his opening brief to the Nevada Supreme Court, petitioner cited to the relevant provisions of the federal constitution for which he claims violations. (Exh. 41, at pp. 25-27.) Petitioner's claims in Ground 2 of the federal amended petition were properly federalized in state courts.

Respondents also argue that petitioner mentioned the ineffective assistance of counsel claim in Ground 2 of the federal amended petition, rendering Ground 2 unexhausted.  Petitioner alleges in the final paragraph of Ground 2 that, "to the extent there was an insufficient evidentiary basis for the defense [of involuntary intoxication], it was because of ineffective assistance of trial counsel." (Amended Petition, at p. 21.) The Court notes that Ground 3 of the amended petition includes the allegation that trial counsel failed to obtain an expert to support petitioner's theory of mental impairment, and appellate counsel failed to raise the issue on direct appeal. (Amended Petition, at pp. 21-23.) Respondents do not challenge the exhaustion of Ground 3. The Court finds that petitioner's mere mention of ineffective assistance of counsel in Ground 2 of the amended petition does not render Ground 2 unexhausted. Petitioner fairly presented the claims alleged in Ground 2 of the federal petition to the Nevada Supreme Court. (*See* Exh. 41, at pp. 25-27.) The Court finds that Ground 2 of the federal amended petition is exhausted.

## III.    CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 25) Grounds 1 and 2 of the amended petition for lack of exhaustion is denied.

It is further ordered that respondents shall file and serve an answer to the amended petition within thirty (30) days from the entry of this order. The answer shall ///

include substantive arguments on the merits as to each ground of the amended petition. No further motions to dismiss will be entertained.

It is further ordered that petitioner shall file and serve a reply to the answer, within thirty (30) days after being served with the answer.

It further is ordered that any further exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional exhibits shall be forwarded — for this case — to the staff attorneys in Reno, Nevada.

DATED THIS 22nd day of July 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE